Arthur M. Kahn, Esq. Town Attorney, Rochester
You have asked whether one person may hold simultaneously the positions of assessor and clerk to the board of assessors. If the two positions are incompatible, you ask whether the prohibition on dual-officeholding can be overcome if the clerk serves without pay or through the adoption of a local law authorizing the simultaneous holding of the two positions.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
The clerk to the board of assessors is responsible for providing services at the direction and under the supervision of the assessors. It is apparent from this relationship that one position is subordinate to the other and incompatibility would result if both positions are held simultaneously by the same person. "You cannot be your own boss." In our opinion, service of the clerk without pay does not eliminate the incompatibility. The clerk would continue to perform his duties subject to the direction and control of the assessors, a condition which is prohibited under the doctrine of compatibility.
Finally, you ask whether the town by local law may authorize the simultaneous holding of the two positions by the same person. The doctrine of compatibility is a court-made rule of law based upon public policy concerns. In our opinion, the doctrine can be overcome by local law. A local government is authorized to adopt and amend local laws consistent with the Constitution and general State law in relation to the
 "powers, duties, qualifications, number, mode of selection and removal, terms of office, compensation, hours of work, protection, welfare and safety of its officers and employees * * *." (Municipal Home Rule Law, § 10[1][ii][a][1].)
Under this grant of authority, we believe that a local legislative body may provide that two local positions may be held simultaneously by the same person. The question whether it is in the public interest to overcome the doctrine of compatibility would be made by the local legislative body based upon local conditions. Within the scope of its authority, it is within the province of the local legislative body to determine what is in the best interests of the municipality.
We conclude that, unless authorized by local law, one person may not hold simultaneously the positions of assessor and clerk to the board of assessors. This incompatibility is not eliminated if the person serves as clerk without pay. The common law doctrine of compatibility of office can be overcome by local law.